**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SCOTTSDALE CAPITAL ADVISORS CORPORATION, et al.,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | **Case No. 8:16-cv-860** |
| **FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,** | ) ) ) ) ) | |
| **Defendant.** | ) ) ) | |

**EXHIBIT D – Case Management Order**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

## FINANCIAL INDUSTRY REGULATORY AUTHORITY
## OFFICE OF HEARING OFFICERS

DEPARTMENT OF ENFORCEMENT,

          Complainant,

        v.

SCOTTSDALE CAPITAL ADVISORS
(CRD NO. 118786),

JOHN HURRY
(CRD NO. 2146449),

TIMOTHY B. DIBLASI
(CRD NO. 4623652),

and

D. MICHAEL CRUZ
(CRD NO. 2450344),

          Respondents.

Disciplinary Proceeding
No. 2014041724601

Hearing Officer—LOM

## CASE MANAGEMENT ORDER

This Case Management Order sets forth the procedures that will govern the conduct of this disciplinary proceeding and establishes the schedule. The Case Management Order reflects the Hearing Officer's determinations, as informed by the Parties' proposal. As a general matter, unless otherwise specified in a Case Management Order, this proceeding is conducted pursuant to the FINRA Code of Procedure and the series 9000 FINRA Procedure Rules, which should be consulted along with this Order.

If you have questions regarding the schedule or other procedural matters, you may call the Case Administrator for this proceeding, Mariam Lisker, at 202.728.8004, or email her at Mariam.Lisker@finra.org.

1. **Hearing**

The hearing in this disciplinary proceeding will be held for 10 days on **June 13-24, 2016,** in Phoenix, Arizona, or Los Angeles, California. The Office of Hearing Officers will arrange for a court reporter to be present at the hearing to administer the oath to witnesses and prepare a

transcript.  A notice specifying the exact time and location of the hearing will be issued to the Parties at a later date.

**2.      Final Pre-Hearing Conference**

A final pre-hearing conference will be held by telephone on **June 1, 2016**.  A notice specifying the exact time and procedure for participating in the final pre-hearing conference will be issued to the Parties at a later date.

**3.      Schedule Of Due Dates**

| | |
|---|---|
| October 16, 2015 | Respondent to file and serve any motion relating to Enforcement's production of documents for inspection and copying pursuant to FINRA Rule 9251. |
| November 6, 2015 | Enforcement to file and serve any opposition to a FINRA Rule 9251 motion; <br><br> and <br><br> Respondent to file and serve any motion pursuant to FINRA Rule 9252 that Enforcement invoke Rule 8210 to compel the production of documents or testimony at hearing. |
| November 20, 2015 | Enforcement to file and serve any opposition to a FINRA Rule 9252 motion. |
| December 11, 2015 | Parties to file and serve any motion for summary disposition pursuant to FINRA Rule 9264. |
| January 15, 2016 | Parties to file and serve any opposition to a motion for summary disposition. |
| January 29, 2016 | Parties to file and serve any replies to oppositions to a motion for summary disposition. |
| February 5, 2016 | Parties to file and serve any motion for permission to present expert witness testimony at the hearing (excluding rebuttal experts).  Such a motion shall include the information specified in FINRA Rule 9242(a)(5). |
| February 19, 2016 | Parties to file and serve any opposition to a motion for permission to present expert witness testimony at the hearing. |

| April 15, 2016 | Parties to exchange proposed stipulations as to relevant undisputed facts, including the authenticity, content, and admissibility of specified documents. |
| --- | --- |
| April 29, 2016 | Parties to file and serve pre-hearing submissions pursuant to Rule 9242 and the requirements of this Case Management Order as set forth below (including separate witness lists, exhibit lists, exhibits, and transcript designations). Note that pursuant to Rule 9261, the proposed exhibits shall not become part of the record unless the Hearing Officer or the Hearing Panel orders otherwise.  They are provided in advance of the hearing for informational purposes.  Only documents admitted into evidence at the hearing will be part of the record;<br><br>and<br><br>Parties to file and serve pre-hearing briefs (up to 35 pages) including a narrative of each Party's case or defense and a summary of legal theories upon which each Party will relay at the hearing. |
| May 13, 2016 | Parties to file and serve objections to witnesses and exhibits;<br><br>and<br><br>Parties to file and serve any pre-hearing motions, including any motions relating to the conduct of the hearing, such as motions for permission to present testimony by telephone or video-conference, and any motions *in limine*. |
| May 27, 2016 | Parties to file and serve any responses to objections to proposed witnesses and exhibits;<br><br>and<br><br>Parties to file and serve oppositions to all outstanding pre-hearing motions. |
| June 1, 2016 | Final pre-hearing conference by telephone conference call at 2:00 p.m., Eastern Daylight Time. |
| June 13-24, 2016 | Hearing in Phoenix, Arizona or Los Angeles, California. |

   This schedule may be changed only upon a showing of good cause.  Any request for a change should be filed in the form of a motion promptly upon the occurrence of circumstances requiring a change in the schedule.

**4.     Motions And Other Papers Generally**

*a.  Time*

Motions, oppositions, and other papers shall be considered timely filed if they are <u>received</u> by the Office of Hearing Officers by the date specified.  After the specified due date, the Parties may not file any such motion, opposition, or other papers without requesting permission of the Hearing Officer.  Any Party requesting permission to extend the time beyond the specified due date should include in the request proposed alternative dates, and that Party should take steps to ensure, if possible, that the alternative due dates are agreeable to all Parties.

*b.  Consultation And Certification Required*

No Party shall file any motion without having consulted with all other Parties to determine whether they will consent to some or all of the relief requested, and each motion shall include a certification setting forth the efforts made in this regard and the results of the consultation.  Any motion that fails to include such a certification may be summarily denied.

*c.  Format*

All papers filed with the Office of Hearing Officers must comply with the requirements of FINRA Rule 9136, except that:  (i) the text of papers shall be double-spaced in 12-point type and (ii) footnotes shall be single-spaced in 10-point type.  Any hard copy materials filed with or otherwise provided to the Office of Hearing Officers should be copied double-sided and either stapled or submitted in three-ring binders for ease of use.

Filings should bear the caption of the proceeding, a title accurately reflecting the nature of the filing and any relief requested, the date filed, and a signature.  Check the specifications in FINRA Rule 9136.  No Party shall file any motion or other paper in letter format or by informal email (other than as an exhibit or attachment to a properly formatted filing).  Furthermore, no Party shall copy the Office of Hearing Officers on any correspondence between the Parties.

*d.  Length*

Under FINRA Rule 9146(i), a brief in support of or opposing a motion may be no longer than ten pages.

*e.  Filing And Service*

Generally, the Parties may serve and file papers by either first-class mail or email.  Pre-Hearing submissions under FINRA Rule 9242, however, are subject to particular requirements, as explained below, starting at Section Eight.

If a Party files papers with the Office of Hearing Officers by email, the papers must be scanned in Adobe® Portable Document Format (PDF) and sent to the Office of Hearing Officers at OHOCaseFilings@finra.org.  At the same time as the electronic filing, the filing Party shall send the original and one copy to the Office of Hearing Officers by mail or one of the other methods provided in FINRA Rule 9135.

If a Party files papers by email, the filing Party shall also simultaneously serve the papers by email on all other Parties.  The certificate of service for papers filed by email must show that copies of the filing were sent to all other Parties by email and must identify the email addresses to which the papers were sent.  Service by email shall be considered complete when the email transmitting the electronic copy is sent.

### f. Oral Argument

Pursuant to FINRA Rule 9146, motions will ordinarily be decided based upon the motion and supporting materials and any timely filed opposition papers.  A Party may request oral argument in its motion or opposition, but oral argument will be at the discretion of the Hearing Officer.

### 5.    Motions For Summary Disposition

### a. Content

Any motion for summary disposition shall be accompanied by a statement of undisputed facts.  The statement of undisputed facts shall state in a separately numbered paragraph each fact as to which the moving party contends there is no genuine dispute, and shall cite the portions of the evidentiary record that the movant claims support the fact asserted.

Any opposition to a motion for summary disposition shall be accompanied by a concise statement of any disputed facts and shall cite the portions of the evidentiary record that it claims support its contention that there exist genuine issues of material fact.  The opposing Party's statement of facts shall be numbered by paragraphs as far as possible to correspond to the paragraphs of the movant's statement of facts.  The facts asserted by the moving Party to be undisputed may be deemed admitted except to the extent that the opposing Party asserts in its opposition to the motion (in good faith) that particular facts are actually controverted.

The motion for summary disposition and any opposition thereto each shall also be accompanied by a supporting memorandum of points and authorities, affidavits or declarations that set forth such facts as would be admissible at the hearing and show that the affiant is competent to testify to the matters stated therein, and any other evidentiary materials upon which the movant relies.

### b. *Format For Exhibits*

Evidentiary materials shall be organized as exhibits, tabbed individually and pre-marked for identification in the manner set forth below for pre-Hearing submissions. Any hard copies shall be placed in binders.

### c. *Page Limit*

As specified in FINRA Rule 9264(d) the page limit for any motion for summary disposition and any opposition memorandum is 35 pages. As set forth in FINRA Rule 9146(i), tables and addenda such as supporting evidentiary materials do not count toward the page limit.

## 6. Motions To Permit Expert Witness Testimony

Expert testimony, including expert testimony by FINRA staff, will not be allowed except with permission of the Hearing Officer. Any motion for leave to present expert witness testimony, including expert testimony by FINRA staff, shall set forth an explanation of why the expert testimony is necessary and how it would be helpful to the Hearing Panel. Any such motion shall be accompanied by an appendix that includes: (i) the name of the proposed expert, (ii) a statement of the expert's qualifications, (iii) a brief summary of the expert's expected testimony, (iv) a listing of other proceedings in which the expert has given expert testimony, (v) a list of the expert's publications, (vi) and copies of those publications that are not readily available to the other Party and the Hearing Panel. The brief summary should contain detail regarding the substance and the basis for the proposed expert testimony.

## 7. Motions To Offer Telephone Testimony

Any motion seeking leave to offer testimony by telephone shall address the following points: (i) the location of the witness, (ii) the nature of the witness's expected testimony, (iii) the efforts made by the sponsoring Party to secure the witness's attendance at the Hearing, (iv) whether the witness is subject to the jurisdiction of FINRA, and (v) the reason the witness is unable to appear in person at the Hearing.

## 8. Pre-Hearing Submissions

### a. *Pre-Hearing Briefs*

Regardless of whether a Party files its pre-hearing briefs electronically or in hard copy, each Party shall provide an original and three hard copies of the Party's briefs to the Office of Hearing Officers, so that the copies may be distributed to the Hearing Panel. Briefs should include a narrative summary of a Party's case or defense and the legal theories on which a Party is relying. Briefs should discuss both liability issues and sanctions (in case liability is found). The normal page limit for motions under FINRA Rule 9146(i) is extended to 25 pages. If reply briefs are permitted, they shall not exceed 10 pages.

### b. *Exhibits And Exhibit Lists*

A Party may submit exhibits in hard copy form or electronic form.  Different requirements apply depending on the form in which the documents are submitted.

If a Party submits its exhibits and exhibit list in hard copy, the following requirements apply.  Each Party shall place its exhibits in binders, tabbed individually and pre-marked for identification.  Each binder should have a table of contents at the front.  Each binder should have an indication on the spine, as well as the outside flat front, of the case to which it belongs and the range of exhibits it contains.  For example, the Complainant's first volume of exhibits might be marked on the outside in both locations in the following fashion:  "Enf. v. Smith, vol. 1 of 2, CX-1 – CX-25."  Each Party shall provide an original and three copies of its binders of exhibits to the Office of Hearing Officers, so that the copies may be distributed to the Hearing Panel.

The binders should be organized in the following manner.  Each exhibit must be labeled to identify the Party offering the exhibit and the exhibit number.  For example, Enforcement's exhibits will be marked CX-1, CX-2, etc., and Respondent's exhibits will be marked RX-1, RX-2, etc.  In the case of multiple Respondents, an additional letter or letters shall be added after "RX" to differentiate among Respondents.  In addition, each page of each exhibit must be marked with the exhibit number followed by the page number of the exhibit and the total number of pages in the exhibit.  By way of illustration, if Enforcement's first exhibit were a ten-page document, it would be marked:  CX-1, Page 1 of 10; CX-1, Page 2 of 10, etc.  Similarly, if Respondent's first exhibit were a five-page document, it would be marked RX-1, Page 1 of 5; RX-1, Page 2 of 5, etc.

If the Parties file and serve their pre-hearing exhibits electronically, the exhibits must be submitted on four encrypted CDs.  The pass code to unencrypt the CDs must be sent separately.  Even if the exhibits are filed electronically, the Parties still must file two hard copies of all exhibits with the Office of Hearing Officers.

Each Party shall provide an Exhibit List that separately identifies each exhibit as it has been marked (*e.g.,* CX-1 or RX-1 etc.), briefly describes it, and states the purpose for which it is intended to be offered into evidence at the Hearing.

If the Parties agree to offer some exhibits jointly, Enforcement shall be responsible for pre-marking the joint exhibits and filing a Joint Exhibit List that separately identifies and briefly describes each joint exhibit.  Joint exhibits shall be prefaced with the letter "JX" to indicate that they are offered jointly.

The Parties should attempt to provide a legible copy of each exhibit.  If a Party is unable to do so, the Party shall note on a proposed exhibit that it is the "best available copy." Depending on the circumstances, the Hearing Officer may request an affidavit explaining the Party's efforts to obtain a copy and why no better copy could be obtained.

Regardless of how the exhibits are filed and served, each Party must have available at the Hearing one additional hard copy of its exhibits for use as needed at the Hearing.

### c. Witness Lists

Each Party shall provide a Witness List that sets forth the name, address, and current occupation of each prospective witness that Party may call.  As to each witness, the Witness List should also set forth an accurate, but brief, summary of the substance and scope of the anticipated testimony.

## 9.    Stipulations

The Parties are expected to stipulate to those matters that reasonably cannot be contested and to the authenticity of documents that are expected to be offered in evidence, absent a good-faith basis to question the genuineness of the documents.  Enforcement shall initiate the discussion of stipulations.  The Parties should work cooperatively with each other to streamline consideration of the case by focusing on what is truly in dispute and reaching stipulations as to other matters, wherever appropriate.  All stipulations shall be signed by the Parties or their counsel and filed with the Office of Hearing Officers.

## 10.    Objections To Proposed Exhibits And Certification Of Consultation

Prior to serving objections to proposed exhibits, the Parties shall confer to attempt to resolve evidentiary issues.  No objections shall be filed unless the objecting Party certifies in writing that the objecting Party has attempted to resolve the objections.  If a Party does not file objections to proposed exhibits, objections may be deemed waived.

## 11.    Transcripts Of Prior Testimony

If a Party anticipates the possible introduction of a transcript of prior testimony, such as testimony given in an on-the-record interview, then relevant excerpts should be included in the pre-hearing submissions in the following manner:

Relevant excerpts of the prior testimony should be collected, together with the portions setting forth the caption of the proceeding, the date on which the testimony was given, the identity of the witness, and the court reporter's certification.  All these materials should be submitted as a single proposed exhibit with a blank page slipped between breaks in the transcript so that it is apparent where the breaks occur.  The materials should be accompanied by a cover page that identifies the witness and contains a short description of any efforts to have the witness appear at the hearing and the reason the witness is unavailable to testify at the hearing.  The cover page should also indicate whether the witness giving the prior testimony was represented by counsel while doing so.

Other Parties may object to the use of the excerpts when they file their objections to pre-hearing submissions or may counter-designate additional excerpts of the prior testimony.

**12.      Presentation Of Evidence Relevant To Liability And Sanctions**

All evidence bearing on both liability and sanctions must be presented at the Hearing. Based on the evidence presented at the Hearing, the Hearing Panel will determine whether Respondent committed the violations alleged in the Complaint, and, if so, what, if any, sanctions should be imposed.  There will not be a subsequent hearing addressing the question of sanctions.

Accordingly, the Department of Enforcement should be prepared to present, at the Hearing, any evidence it wishes the Hearing Panel to consider in connection with the possible imposition of sanctions.  Likewise, Respondent should be prepared to present, at the Hearing, any evidence of mitigating factors to be considered by the Hearing Panel, as well as evidence in support of any claim of financial hardship that would prevent the payment of sanctions.

**13.      Restrictions on the Submission of Personal Confidential Information**

Where practical, the parties shall remove (redact) the following personal confidential information ("PCI") from exhibits submitted to the Office of Hearing Officers, unless the information is necessary for the determination of the issues in this disciplinary proceeding.  By producing a non-redacted exhibit(s), the submitting party represents that it is impractical to remove the information and acknowledges that the exhibit(s), including PCI, may be further disseminated to the other parties in the proceeding.

- Social Security number or Individual Taxpayer ID Number;

- Driver's license, state issued identification card, or passport number;

- Financial account numbers (including checking and savings account numbers, credit card numbers, debit card numbers, or any other numbers or information that can be used to access the person's financial resources);

The parties shall not include PCI in:

- Motions, briefs, memoranda, pleadings, and other written submissions prepared by the parties; or

- Testimony, arguments, or statements on the record.

Social Security, identification, and financial account numbers may be referred to either by a descriptive term (e.g., "Account 1") or by a partial number (e.g., the last four digits of the number).

Any questions regarding this Order may be initially addressed to Case Administrator Mariam Lisker.

**SO ORDERED.**

Lucinda O. McConathy
Hearing Officer

Dated:          August 20, 2015

Copies to:

    Kevin J. Harnisch, Esq. (via electronic and first-class mail)
    Michael J. Edney, Esq. (via electronic mail)
    David M. Crane, Esq. (via electronic mail)
    Gerald J. Russello, Esq.(via electronic and first-class mail)
    Dean M. Jeske, Esq. (via electronic and first-class mail)
    Michael A. Gross, Esq. (via electronic mail)
    Aimee Williams-Ramey, Esq. (via electronic mail)
    Laura Blackston, Esq. (via electronic mail)
    Heather Freiburger, Esq. (via electronic mail)
    Jeffrey Pariser, Esq. (via electronic mail)