**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **SCOTTSDALE CAPITAL ADVISORS CORPORATION, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,**<br><br>**Defendant.** | Case No. **8:16-cv-860** |

**EXHIBIT E – Order Setting Hearing in Los Angeles**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

# FINANCIAL INDUSTRY REGULATORY AUTHORITY
# OFFICE OF HEARING OFFICERS

| | |
|---|---|
| DEPARTMENT OF ENFORCEMENT,<br><br>　　　　　　Complainant,<br><br>　　v.<br><br>SCOTTSDALE CAPITAL ADVISORS<br>(CRD NO. 118786),<br><br>JOHN HURRY<br>(CRD NO. 2146449),<br><br>TIMOTHY B. DIBLASI<br>(CRD NO. 4623652),<br><br>and<br><br>D. MICHAEL CRUZ<br>(CRD NO. 2450344),<br><br>　　　　　　Respondents. | Disciplinary Proceeding<br>No. 2014041724601<br><br>Hearing Officer—LOM |

## ORDER SETTING HEARING IN LOS ANGELES

Under FINRA Rule 9235, the Hearing Officer is granted authority "to do all things necessary and appropriate" in the conduct of a FINRA disciplinary proceeding. Pursuant to that authority, I **ORDER** that the hearing scheduled in this matter for two weeks, running from June 13, 2016, through June 24, 2016, shall be held in Los Angeles, California.

In concluding that Los Angeles is the best location for the hearing, I have balanced the interests involved and considered what will best serve the effective, efficient and fair presentation of the case. I briefly explain below.

Background. At a pre-hearing conference on July 21, 2015, the Parties discussed the location of the hearing. The case management and initial scheduling order left the issue open. The choice was between Los Angeles, California, where the hearing can be held in FINRA's offices, making use of the resources there, and Phoenix, Arizona, where the hearing would have to be held at a hotel.

At the pre-hearing conference, the Parties agreed that District 2 should be designated the primary district. The Department of Enforcement ("Enforcement") originally suggested Los Angeles, California, which is in District 2, as the location for the hearing, but was prepared to accede to the suggestion by Respondents' counsel that Phoenix, Arizona, should be the location of the hearing. Respondents' counsel asserted that Phoenix is close to Scottsdale, where the Respondent firm, Scottsdale Capital Advisors ("Scottsdale"), and the individual Respondents are located, and argued that it would be extraordinarily expensive and burdensome for Respondents if the hearing is held in Los Angeles. Respondents' counsel suggested that another corporate representative might want to attend some or all of the hearing and that there might be some employee witnesses from the Phoenix area, as well.

Respondents filed a motion for summary disposition in December 2015 and the Parties completed briefing on the motion at the end of January 2016. Various materials attached as exhibits gave me a better understanding of the case, the likely witnesses, and the resources required to resolve the matter.

The Case Is Not Local To Phoenix. This is not a case that is local to the Phoenix area. It involves allegations that one of the Respondents, John Hurry, owned, controlled, and operated a Cayman Islands broker-dealer to conduct a microcap securities liquidation business for foreign customers. Although the Cayman Islands entity routed the securities through Hurry's U.S. broker-dealer, Scottsdale, to be sold in the U.S. securities market, much of the evidence relates to off-shore activities. The Complaint alleges that Hurry prospected for foreign customers, traveling to meet them and arranging for them to deposit shares with his Cayman Islands broker-dealer. Hurry's customers for the Cayman entity were in Belize, Panama, the Bahamas, and other places outside the United States. Hurry's level of involvement in the business of the Cayman Islands entity is a critical issue.

Most Participants In The Case Are Not Local To Phoenix. No lawyer who has filed an appearance in this matter is from Phoenix. Respondents' lawyers are from Washington, D.C., New York City, and Austin, Texas. Enforcement's lawyers are from Boca Raton, Chicago, Los Angeles, and New Orleans.

Many of the potential witnesses are not from Phoenix. The lead examiner on the investigation in this proceeding is from San Francisco. Respondent has requested permission to present the testimony of an expert witness from Vienna, Virginia. A former employee of the Cayman Islands broker-dealer, GR, is a likely witness who has ties to southern California and, at one time, lived in Los Angeles. He gave on-the-record testimony in Irvine, California, near his location at the time in Newport Beach, California. A second former employee of the Cayman entity gave on-the-record testimony in Los Angeles.

Although the individual Respondents assert that they are located in the Phoenix area, at least two of them gave on-the-record testimony elsewhere. Hurry testified in San Francisco;

DiBlasi testified in Boca Raton. Furthermore, Hurry testified in his on-the-record testimony that his residence is in Glenbrook, Nevada.

<u>Resources And Panel Members Will Be More Readily Available In Los Angeles</u>. The hearing is long. It is scheduled to run two weeks. Extensive technical resources will be required because the Department of Enforcement is planning an electronic presentation, which will require computer equipment and technical support throughout the hearing.

These factors lead to concern about the resources available to support the effective and efficient presentation of the case. If the hearing is in Los Angeles, the resources will be more readily available than if the hearing is in a hotel in Phoenix.

The length of the hearing also increases the difficulty of finding volunteers to serve on the hearing panel. Since potential panel members will be solicited in the first instance from the Primary District, District 2, it should be easier to find panel members if the hearing is in Los Angeles. Los Angeles is in District 2. Phoenix is in District 3.

<u>The Burden On Respondents Does Not Appear Extraordinary</u>. Respondents have chosen to hire counsel outside of Phoenix, and, in fact, have hired lawyers from two different firms in three different cities. The expense associated with their defense does not seem markedly different whether the hearing is in Phoenix or Los Angeles. Furthermore, given that at least two Respondents gave on-the-record testimony away from Phoenix, and given the record so far of Hurry's travels abroad to develop business for the Cayman Islands entity, it does not appear that Respondents will be unduly burdened if the hearing is in Los Angeles.

**SO ORDERED.**

*[signature]*

Lucinda O. McConathy
Hearing Officer

Date:       February 29, 2016

Copies to:  Kevin J. Harnisch, Esq. (via electronic and first-class mail)
            Ryan E. Meltzer, Esq. (via electronic mail)
            Gerald J. Russello, Esq. (via electronic mail)
            Dean M. Jeske, Esq. (via electronic and first-class mail)
            Michael A. Gross, Esq. (via electronic mail)
            Aimee Williams-Ramey, Esq. (via electronic mail)
            Laura Blackston, Esq. (via electronic mail)
            Heather Freiburger, Esq. (via electronic mail)
            Jeffrey Pariser, Esq. (via electronic mail)