IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____

SCOTTSDALE CAPITAL ADVISORS
CORPORATION, *ET AL.*,

     **Plaintiffs,**

v.                                            **Case No.: 16-cv-860-DKC**

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,

     **Defendant.**

_____

**MEMORANDUM OF LAW IN SUPPORT OF THE SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* IN SUPPORT OF FINRA'S MOTION TO DISMISS**

SANKET J. BULSARA
Deputy General Counsel

MICHAEL A. CONLEY
Solicitor

DOMINICK V. FREDA (Bar No. 804977)
Senior Litigation Counsel

JOSEPHINE MORSE
Counsel

MARTIN V. TOTARO
Attorney

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549-9040
(202) 551-5143 (Freda)
FredaD@sec.gov

## INTRODUCTION

The Securities and Exchange Commission (the "Commission") respectfully requests permission to participate as *amicus curiae* in this case by filing a brief in support of Financial Industry Regulatory Authority's ("FINRA's") argument in its motion to dismiss that this Court lacks subject matter jurisdiction over plaintiffs' suit.  The Commission has primary responsibility for administering the Exchange Act as well as the other federal securities laws.  *See, e.g.*, *In re Morgan Stanley Information Fund Sec. Litig.*, 592 F.3d 347, 361 (2d Cir. 2010) (noting "SEC's expertise in administering the securities laws, its ability to seek input from the public when crafting regulatory policy, and its relative political accountability"); *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975) (Commission acts as "a statutory guardian charged with safeguarding the public interest in enforcing the securities laws").  Plaintiffs' complaint and motion for preliminary and permanent injunctive relief ask this Court to ignore the comprehensive scheme set forth by Congress in the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, *et seq.* ("Exchange Act"), for administrative and judicial review of disciplinary proceedings initiated by FINRA.[1]  The Commission should be permitted to participate as *amicus* to express its views on whether that statutory scheme should be interpreted to preclude subject matter jurisdiction over plaintiffs' suit.  The Commission has consulted with counsel for each party.  FINRA

---

[1] In 2007, the Commission approved proposed rule changes in connection with the consolidation of the member firm regulatory functions of the National Association of Securities Dealers ("NASD") and NYSE Regulation, Inc., both of which had been overseen by the Commission for decades.  *See* Exchange Act Release No. 56146 (July 26, 2007), 72 Fed. Reg. 42190 (Aug. 1, 2007).  Pursuant to that consolidation, the member firm regulatory and enforcement functions and employees of NYSE Regulation, Inc. were transferred to NASD, and the expanded NASD changed its name to Financial Industry Regulatory Authority, Inc. ("FINRA").  *See* Exchange Act Release No. 56148 (July 26, 2007), 72 Fed. Reg. 42146 (Aug. 1, 2007).  FINRA is a not-for-profit corporation registered with the Commission as a national association of broker-dealers under the Exchange Act.  *See* 15 U.S.C. § 78o-3.

consents to this motion.  Plaintiffs do not oppose this motion.[2]  Unless this Court directs otherwise, the Commission plans on filing its proposed *amicus* brief on April 18, one week from today and seven days from the filing of FINRA's motion to dismiss.

## ARGUMENT

This Court's consideration of FINRA's motion to dismiss would benefit from the Commission's views on the proper interpretation of the Exchange Act's exclusive review scheme.  Under Federal Rule of Appellate Procedure 29, government agencies have the right to file an *amicus* brief without consent of the parties or leave of the court on appeal if the brief is filed "no later than 7 days after the principal brief of the party being supported is filed."  *See* Fed. R. App. P. 29(a), (e).  While "[t]here is no Federal Rule of Civil Procedure that applies to motions for leave to appear as *amicus curiae* in a federal district court," district courts "have discretion whether to grant or deny such leave," and "often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure, which applies to *amicus* briefs at the federal appeals level."  *Washington Gas Light Co. v. Prince George's Cty. Council*, No. 08-0967, 2012 WL 832756, at *3 (D. Md. Mar. 9, 2012), *aff'd on other grounds*, 711 F.3d 412 (4th Cir. 2013).  Relying on Rule 29, this Court has previously permitted *amicus* participation by non-parties.  *See, e.g.*, *id.*; *see also AT & T Mobility LLC v. Fisher*, No. 11-2245, 2011 WL 5169349, at *1 (D. Md. Oct. 28, 2011); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137-38 (D.D.C. 2008).  In this case, consistent with Rule

---

[2] Because plaintiffs raise substantive arguments before this Court that they are also raising in FINRA disciplinary proceedings subject to review by the Commission, prudential concerns counsel against our taking a position on the merits of those claims before the Commission has had the opportunity to rule on them in the first instance.  That this brief does not address the merits of these claims therefore should not be interpreted as providing the Commission's position as to their validity.

29, the Commission seeks to file an *amicus* brief only seven days after FINRA filed its motion to dismiss.

Independent of the Commission's special role as a government agency, which permits it to participate as of right under Rule 29, the Commission should also be allowed to participate as *amicus* based on the facts and circumstances of this case.  As this Court has explained, *amicus* participation is warranted where *amicus* " 'provide[s] helpful analysis of the law' " or " 'ha[s] a special interest in the subject matter of the suit.' "  *Washington Gas Light*, 2012 WL 832756, at *3 (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996)); *see also* Fed. R. App. P. 29(b). The Commission satisfies those factors because the Commission will provide substantial assistance to the Court as it addresses whether the Exchange Act's exclusive review scheme precludes subject matter jurisdiction over plaintiffs' claims.

Plaintiffs seek to enjoin an ongoing FINRA disciplinary proceeding on the grounds that FINRA is allegedly acting outside of the scope of its statutory authority.  They allege that FINRA cannot use its Rule 2010—which provides that "[a] member, in the conduct of its business, shall observe high standards of commercial honor and just and equitable principles of trade"—to sanction members for violations of the Securities Act of 1933, 15 U.S.C. §§ 77a, *et seq.* ("Securities Act").  "Congress," plaintiffs contend, "did not grant FINRA the authority to police member firms for alleged noncompliance with the Securities Act or with federal securities laws other than the Exchange Act; it reserved that power to the SEC."  Compl. ¶ 32. [3]

---

[3] As a self-regulatory organization, FINRA has adopted rules to regulate its member firms and their associated persons.  *See* 15 U.S.C. § 78o-3(b); *id.* § 78s(b).  The Commission, however, exercises supervision over any proposed change in, addition to, or deletion from FINRA's rules.  FINRA must file proposed rule changes with the Commission.  *See id.* § 78s(b).  The Commission has the authority to

A central and threshold issue in this litigation is whether plaintiffs' suit is properly before this Court.  Plaintiffs have asked this Court to ignore the Exchange Act's exclusive review scheme for disciplinary proceedings initiated by FINRA.  FINRA is statutorily authorized to "appropriately discipline[ ]" its members for violations "by expulsion, suspension, limitations of activities, . . . being suspended or barred from being associated with a member, or any other fitting sanction."  15 U.S.C. § 78o-3(b)(7).  Under the Exchange Act, FINRA adjudicates a disciplinary proceeding in the first instance.  *See id.* § 78o-3(h).  A disciplinary sanction imposed by FINRA is then subject to review by the Commission.  *See id.* § 78s(d), (e).  The Commission makes an independent determination as to whether the violations found by FINRA occurred and "may cancel, reduce, or require the remission of [any] sanction" if the Commission determines that the sanction "imposes any burden on competition not necessary or appropriate" or is "excessive or oppressive."  *Id.* § 78s(e)(2).

Congress also addressed where—and when—the Commission's final decision is subject to judicial review.  *See* 15 U.S.C. § 78y.  The Exchange Act provides that "[a] person aggrieved by a final order of the Commission entered pursuant to this chapter may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit."  *Id.* § 78y(a)(1).  To obtain review, an aggrieved party must "fil[e] in such court, within sixty days after the entry of the order, a written petition requesting that the order be modified or set aside in whole or in part."  *Id.*  Pursuant to the Exchange Act, the Commission's final

---

approve or disapprove FINRA's proposed rule changes.  *Id.*  The Commission also has the authority to abrogate, add to, and delete from FINRA's rules.  *Id.* § 78s(c).  In addition, FINRA's records are subject at any time to reasonable periodic, special, or other examinations by representatives of the Commission. *Id.* § 78q(b).  And the Commission has enforcement authority to require FINRA to comply with the provisions of the Exchange Act, the rules and regulations thereunder, and FINRA's own rules.  *Id.* § 78s(g).

order sustaining a FINRA-imposed sanction—not FINRA's order and certainly not FINRA's initial

decision to investigate—is the subject of judicial review by the court of appeals, and the jurisdiction of

the court is "exclusive."  15 U.S.C. § 78y(a)(3); *see, e.g.*, *R.H. Johnson & Co. v. SEC*, 198 F.2d 690,

694-95 (2d Cir. 1952) ("Section 25(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78y, which

affords the sole basis of any judicial review, refers to a Commission order only.").

Thus, a party disciplined by FINRA must seek review before the Commission, which makes an

independent determination as to liability, including, among other findings, whether FINRA's

determination was in accordance with its rules, and whether those rules are, and were applied in a

manner, consistent with the purposes of the Exchange Act.  15 U.S.C. § 78s(e)(1)(A).  The Commission

also reviews the FINRA-imposed sanctions to ensure that they are not excessive or oppressive and do

not impose an undue burden on competition.  *Id.* § 78s(e)(2).  Only once the Commission issues a final

order does an aggrieved party have the ability to seek judicial review under the Exchange Act, and then

only in a court of appeals, not in federal district court.  Plaintiffs recognize that the Exchange Act's

exclusive review scheme "states that the disciplinary decisions of self-regulatory organizations like

FINRA are subject to review, first by the SEC and then by a federal court of appeals," Compl. ¶ 14, but

argue that those requirements do not apply to its case, *id.* ¶¶ 15-24.  Participating as *amicus* will allow

the Commission to "provide helpful analysis of the law" on a topic the Commission "has a special

interest in"—whether this action should be dismissed at the outset for failure to comply with the

Exchange Act's exclusive review provisions.  *Washington Gas Light*, 2012 WL 832756, at *3.

Finally, allowing the Commission to participate as *amicus curiae* will not delay the proceedings

because plaintiffs filed suit less than three weeks ago and FINRA today filed its motion to dismiss.

Participation by the Commission will allow this Court to obtain—at the outset of the litigation—the

views of the federal agency primarily responsible for administering this country's securities laws on a potentially dispositive issue.  *See Washington Gas Light*, 2012 WL 832756, at *3 (participation by *amici* at summary-judgment stage "will not delay the proceedings or the issuance of a final ruling").

## CONCLUSION

The Commission's motion for leave to participate as *amicus curiae* in this case by filing a brief in support of FINRA's argument that this Court lacks subject matter jurisdiction should be granted.

Respectfully submitted,

SANKET J. BULSARA
Deputy General Counsel

MICHAEL A. CONLEY
Solicitor

/s/ Dominick V. Freda
DOMINICK V. FREDA (Bar No. 804977)
Senior Litigation Counsel

JOSEPHINE MORSE
Counsel

MARTIN V. TOTARO
Attorney

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549-9040
(202) 551-5143 (Freda)
FredaD@sec.gov

April 11, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2016, I electronically filed the foregoing brief with the Clerk of

the Court for the United States District Court for the District of Maryland by using the CM/ECF system.

Service on petitioners was accomplished on the same date through the CM/ECF system.

/s/ Dominick V. Freda
Dominick V. Freda
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549-9040